Lamb *vs.* Allen.

---

J. H. LAMB, administrator, plaintiff in error, *vs.* SARAH R. ALLEN, executrix, defendant in error.

If there be no newspaper published in the county in which land is levied on for sale, it becomes the duty of the sheriff to publish notice thereof in the nearest newspaper having the largest or a general circulation in such county.  In the latter case, notice need not be published at any place in said county.

Levy and sale.  Notice.  Sheriff.  Judicial sale.  Before Judge HILL.  Twiggs Superior Court.  April Term, 1873.

For the facts of this case, see the decision.

H. C. WARD; J. D. JONES, by Z. D. HARRISON, for plaintiff in error.

JOHN T. GLOVER, by POE & HALL, for defendant.

WARNER, Chief Justice.

This was an affidavit of illegality made to an execution which had been levied on the defendant's land by the sheriff of Twiggs county, on the ground that the sheriff had published the notice of the sale of the land exclusively in the Macon Telegraph & Messenger, a public gazette published in the county of Bibb, and failed altogether to publish said notice of sale at any place in the county of Twiggs.  The plaintiff in execution demurred to the affidavit of illegality, on the ground that the law did not require the sheriff to advertise his sales in the county of Twiggs, as claimed by defendant.

The Court sustained the demurrer and ordered the execution to proceed; whereupon, the defendant excepted.

By the 3599th section of the Code it is made the duty of sheriffs to publish notice of sales of land and other property weekly for four weeks, in some newspaper published in their counties, respectively; but if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county. The Code does not require that notice of the sale of the land should have been given in the county of Twiggs, other than the notice contained in the newspaper in which it was published. There was no error in sustaining the plaintiff's demurrer to the defendant's affidavit of illegality.

Let the judgment of the Court below be affirmed.